IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| HIGHLAND LAND COMPANY, LLC, | : | Case No.  13-50024-WSS |
| Debtor(s). | : | |
| | : | |
| COLONY BANK, | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| HIGHLAND LAND COMPANY, LLC , | : | |
| Respondent(s). | : | |

MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Colony Bank, by and through undersigned counsel, and moves this Court pursuant to 11 U.S.C. Section 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order authorizing relief from the automatic stay, and in support thereof, shows this Honorable Court as follows:

**JURISDICTION**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334, and venue is proper in this Court pursuant to 28 U.S.C. Sections 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. Seciton 157(b)(2).

2.

The relief requested herein may be granted in accordance with the provisions of Sections 105(a) and 362 of Title 11 of the United States Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3.

The Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on January 18, 2013.

4.

On or about December 30th, 2010, the Debtor and Movant entered into two (2) Promissory Notes attached heretofore as Exhibits "A" and "B." The Promissory Notes are cross collateralized and secured by two (2) Deeds to Secure Debt executed by Debtor in favor of Movant on or about July 3rd, 2008:

a) that Deed to Secure Debt filed and recorded in the Superior Court Clerk's Office of Lee County, Georgia on July 18th, 2008 in Book 1272, Pages 1-9 for the approximately 538 acres referred to as "McIntosh Farms"; and

b) that Deed to Secure Debtor filed and recorded in the Superior Court Clerk's Office of Lee County, Georgia on July 18th, 2008 in Book 1272, Pages 10-18 for the 31 lots referred to as "Highland Crossings."

Said Deeds are attached heretofore along with their respective Promissory Notes attached as Exhibits "A" and "B."

5.

The Promissory Note attached as Exhibit "A" has a payoff, as of the date of the filing of the Debtor's petition, of approximately $1,049,816.21 with a per diem of $155.08.

6.

The Promissory Note attached as Exhibit "B" has a payoff, as of the date of the filing of the Debtor's petition, of approximately $2,739,734.84 with a per diem of $405.08.

7.

Movant is in the process of obtaining appraisals on the subject collateral, however the Debtor's schedules value the McIntosh Farms property at $580,00.00 and the Highland Crossings property at

$465,000.00. Based on the Debtor's schedules, there is no equity in the property to benefit the estate. Movant will provide copies of appraisals to Debtor as they are first available.

8.

The Debtor has defaulted on payments on both loans and has filed a Chapter11 Plan that proposes to make no payments to Movant on either loan. Debtor's Plan appears to provide for a "Cram Down" and liquidation of collateral in which there is no equity. The Plan does not provide for Adequate Protection of Movant's interest in the property.

## ARGUMENT AND CITATION OF AUTHORITY

10.

By this Motion, Movant requests that the Court grant it relief from the automatic stay to exercise its rights under the loan documents and State Law including, without limitation, the right to foreclose on the property.  In this case, the Bank should be granted relief from the automatic stay because the Debtor can not provide the Bank with adequate protection of its interests in the property, the Debtor has little or no equity in the property, and there is no reasonable prospect for the property to be a part of an effective reorganization.

11.

Pursuant to Section 362(d)(1) of the Bankruptcy Code, the Court shall grant a party relief from the automatic stay for "cause", including those circumstances when the Debtor can not provide such party
with adequate protection of its property interest.  Adequate protection may be provided by cash payments on a periodic basis, or additional replacement liens or arrangements which guarantee a creditor the indubitable equivalent of its interest in the collateral.  See 11 U.S.C. Section 361.

12.

Once the Movant makes a *prima facie* case that cause exists to lift the stay, the burden shifts to

the Debtor to show that the collateral is not declining in value or that the secured creditor is adequately protected.  See In Re: Wrecclesham Grange, Inc., 221 BR 978, 980 (Bankr. M.D. Fla. 1997).  In this case, the Debtor is unable to service the debt and the Debtor has not made appropriate payments to the Bank on a regular basis.  In addition, as a result of current market conditions, the property is decreasing in value and is depreciating in condition.  The Bank is not therefore adequately protected with respect to its interests in the property and the automatic stay should be lifted to allow the Bank to exercise its rights under State Law and foreclose on such collateral.

13.

Automatic Stay, under Section 362(d)(2) should be lifted because the Debtor has no equity in the property and there is no reasonable prospect that the property is necessary for an effective reorganization within any reasonable time.

14.

Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court shall grant a party relief from the automatic stay with respect to a stay of an act against property if the Debtor does not have equity and the property is not necessary to an effective reorganization.

15.

The claims total $3,789,551.05, plus continuing interest, fees, penalties, attorney's fees, all of which is secured by the above described real property.  However, Movant contends that there is little or no equity in the property because, given the current market conditions, the value of the property has substantially declined and continues to decline at this time.

16.

Once lack of equity in the property is established the burden shifts to the Debtor to demonstrate that the property is necessary to an effective reorganization and the Debtor may not merely demonstrate that it is conceivable to reorganize, rather, the Debtor must demonstrate that the property is "essential" for an effective reorganization that is in prospect.  See U.S. Savings Association of Texas v Timbers of

Inwood Forest Associates, Ltd., 484 U.S. 365 (1998). (To prevail against the Movant, Debtor must do more than show high hopes; the Debtor must be able to show a reasonable prospect for a successful reorganization within a reasonable time). The reorganization must be realistically possible, and the mere fact that the property might be indispensable to the Debtor's survival is insufficient. See also In Re: Albany Partners, Ltd., 749 F. 2d. 670, 674 (11th Cir. 1984)

17.

In the instant case, the Debtor has not demonstrated that the property is essential to an effective reorganization, that is in prospect. If the Debtor is unable to carry its burden, relief from the automatic stay must be granted. See In Re: Richardson Group, Inc., 107 BR 353, 356 (Bankr. M.D. Fla. 1989). As a result, Movant must be given the opportunity to protect its interest in the property.

### **CONCLUSION**

18.

If Stay relief is not granted, Movant requests that the Court compel the Debtors to provide adequate protection.

19.

Movant requests that the Court waive the 10 day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and that Order of the Court lifting the automatic stay become effective immediately.

WHEREFORE, Movant respectfully requests that the Court enter an Order:

1) Lifting the automatic stay to allow the Bank to exercise its rights under the herein described loan documents and State Law, including, without limitation, the right to foreclose on the property; or in the alternative, ordering the Debtors to make adequate protection payments to the Bank;

2) Waiving the 10 day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3) Allowing the Bank to recover its expenses and reasonable attorney's fees in this case; and

4) Granting such other and further relief as may be deemed just and proper.

Respectfully Submitted, this the 18th day of April, 2013.

/s/ Karl E. Osmus

1010 Williams Street                     Karl E. Osmus
Valdosta, GA  31601                     Attorney for Movant
229-257-0080
GA Bar No: 555129
karlosmus@aol.com

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Motion to Modify Automatic Stay upon: Highland Land Company LLC, 6615 W. Boynton Beach, Fl 22437; Brian Rich, Berger Singerman LLP, 125 S. Gasden Street, Suite 300, Tallahassee, FL 32301; US Trustee: Jason H. Egan, Office of the US Trustee, 110 E. Park Aveneue, Suite 128, Tallahassee, FL 32301; and the parties listed on the attached Service List, by depositing same in the United States Mail with sufficient postage affixed thereon to insure proper delivery.

This the 18th day of April, 2013.

/s/ Karl E. Osmus

1010 Williams Street
Valdosta GA 31601                       Karl E. Osmus
229-257-0080                            Attorney for Movant
State Bar No.: 555129
karlosmus@aol.com